United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J JESUS GOMEZ ALVAREZ, et al., | Case No. 26-cv-06530-LB |
| Plaintiffs, | **ORDER GRANTING TRO** |
| v. | Re: ECF No. 3 |
| TODD W. BLANCHE, et al., | |
| Defendants. | |

### INTRODUCTION AND STATEMENT

The plaintiffs are a married couple (citizens of Mexico and residents here for over twenty years) and their twenty-year-old U.S. citizen son E-G-A, who has serious neurodevelopment and mental-health conditions.[1] The parents have been in removal proceedings since November 2018 in the San Francisco Immigration Court, where they applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) for non-permanent residents, relief that requires proof that removal would cause exceptional and extremely unusual hardship to a qualifying relative, here, their U.S.-citizen child. A child must be under twenty-one. 8 U.S.C. § 1229b(b)(1)(D). In May 2023, after a merits hearing, the immigration judge reserved the decision to grant the plaintiffs' applications pending the

---

[1] Compl. – ECF No. 1 at 30–31 (¶¶ 65–66). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 26-cv-06530-LB

availability of one of 4,000 cancellation grants that Congress permits each fiscal year.[2] The son turns twenty-one on Monday, July 6, 2026, which will result in the parents' loss of eligibility for cancellation of removal unless their applications are granted by then.[3]

Until early 2025, the Executive Office for Immigration Review (EOIR) allegedly maintained an internal "expedite" policy, reserving 500 of the 4,000 annual grants for priority matters (detained cases, time-sensitive remands, and expedited requests), which allowed immigration judges to issue a final grant before a qualifying child aged out by turning twenty-one.[4] The policy was not published in the Federal Registrar, the EOIR Policy Manual, or other publicly accessible government sources but was incorporated into training materials provided to immigration judges and referred to as a policy by the Assistant Chief Immigration Judge (ACIJ) of San Francisco.[5] The plaintiffs allege that EOIR rescinded the policy in January 2025 (without public notice or reasoned explanation) by revoking operational policies "issued in secret" between February 1, 2021, and January 21, 2025.[6]

In February 2026, the immigration judge denied the plaintiffs' motion for an expedited grant, holding that he lacked jurisdiction to issue a visa.[7] The plaintiffs then sued for violations of the Administrative Procedure Act, procedural due process, and the mandamus statutes and applied for a temporary restraining order (TRO) to postpone the rescission's effective date under 5 U.S.C. § 705 for fourteen days and to allow for briefing on why a preliminary injunction should not issue.[8] The parties stipulated to a briefing schedule that did not recognize that July 3 is a federal holiday. Any order on the TRO must issue on the morning of July 2 to allow action by the

---

[2] *Id.* at 9 (¶ 4), 31 (¶¶ 67–69).

[3] *Id.* at 9–10 (¶ 8).

[4] *Id.* at 31–32 (¶ 70).

[5] *Id.* at 32 (¶ 71); Pls.' Exs. – ECF No. 2 at 9, 43, 50 (EOIR Training Rs.), 65 (ACIJ Email), 51–63 (Decls.).

[6] Compl. – ECF No. 1 at 10 (¶ 9); Policy Mem. – ECF No. 1-1 at 5. In February 2025, the ACIJ informed the San Francisco Immigration Judges that the expedite policy was suspended. Decls. – ECF No. 2 at 56 (¶ 16), 60 (¶ 9), 63 (¶ 10).

[7] Mot., Ex. 3 to Compl. – ECF No. 1-3; EOIR Order, Ex. 4 to Compl. – ECF No. 1-4.

[8] TRO Appl. – ECF No. 3 at 5, 25 (Request for Relief); Compl. – ECF No. 1 at 50.

ORDER – No. 26-cv-06530-LB                    2

immigration court on July 2.[9] The government — which has consented to magistrate-judge jurisdiction and has had the complaint and TRO papers since June 29 — could not respond by July 1 but does not object to the court's "proceed[ing] as needed."[10]

The court grants the TRO: waiting would deny relief.[11] Courts in this district have entered TROs to preserve the status quo in these age-out cases.[12] Because the plaintiffs raise serious questions going to jurisdiction and the merits, the harm is certain and irreversible, and the balance of equities and the public interest tip sharply their way. The court postpones the effective date of the rescission for fourteen days, orders the government to show cause why a preliminary injunction should not issue, and reserves the jurisdictional questions for a decision on full briefing. The court sets a hearing on July 16, 2026, at 9:30 a.m., on the motion for a preliminary injunction. The respondents' opposition is due on July 9, 2025, and the petitioners' reply is due July 13, 2025, by noon. The parties may adjust the schedule and hearing date by stipulation.

### STATUTORY FRAMEWORK

The Attorney General may cancel removal and adjust the status of an inadmissible or deportable alien if the alien (1) has been physically present in the U.S. for a continuous period of ten years preceding the application, (2) has been a person of good moral character during this period, (3) has not been convicted of certain offenses, and (4) establishes that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative (parent, spouse, or child). 8 U.S.C. § 1229b(b)(1). A child must be unmarried and under age twenty-one to qualify. *Id.* § 1101(b)(1). There is an annual cap of 4,000 aliens per year, with limited exceptions. *Id.* § 1229b(e)(1); *Gomez v. McAleenan*, No. 19-cv-04199-JCS, 2019 WL 5722619, at *1 (N.D. Cal.

---

[9] Renewed Appl. – ECF No. 13 at 1; Stipulation – ECF No. 10.

[10] Renewed Appl. – ECF No. 13 at 3. All parties have consented to magistrate jurisdiction under 28 U.S.C. § 646(c)(1). Consents – ECF Nos. 8–9.

[11] No party requested a hearing.

[12] *Sainz-Reyes v. Bondi*, No. 26-cv-00664-NC, ECF No. 7 (N.D. Cal. Jan. 22, 2026) (order granting TRO); *Suárez Soto v. Blanche*, No. 26-cv-01700-JSC, ECF No. 7 (N.D. Cal. Feb. 27, 2026) (TRO granted; order denying preliminary injunction for lack of jurisdiction, May 22, 2026 – ECF No. 22).

United States District Court
Northern District of California

Nov. 5, 2019). EOIR's Office of the Chief Immigration Judge adopted regulations implementing the cap. When the cap is reached, grants are reserved until a grant becomes available in a subsequent fiscal year. 8 C.F.R. § 1240.21(c)(1). Immigration courts and the Board of Immigration Appeals cannot issue conditional grants. *Id.* § 1240.21(a)(2). The availability of relief is determined by the date the order granting relief becomes final. *Id.* § 1240.21(c). Thus, a queue exists for the 4,000 annual grants. *Gomez*, 2019 WL 5722619, at *2.

## ANALYSIS

The standards for a TRO and a preliminary injunction are identical. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Movants must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent an injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The irreparable injury must be likely and immediate. *Id*. at 20–22. Alternatively, movants may show "serious questions going to the merits" and a balance of hardships that tips sharply in their favor, provided that the other elements are satisfied. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). When the government is a party, the balance of equities and public interest merge. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). A preliminary injunction preserves the status quo and parties' rights until final judgment. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). For a mandatory injunction, the movants must show that the law and facts clearly favor their position, not simply that they are likely to succeed. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

The factors support a TRO to preserve the status quo. There are facts establishing immediate and irreparable injury before the qualifying child ages out. The immigration court is closed on July 3. The government has had the complaint and TRO papers since June 29. It does not object to the court's proceeding without its response. Serious questions exist regarding jurisdiction, which the

court reserves for full briefing.[13] The court follows the course set by prior courts in this district, which preserved the status quo to allow the court to decide the issues on full briefing.

## CONCLUSION

The court grants the TRO, postponing the effective date of EOIR's recission until the court decides the motion for a preliminary injunction. The government's opposition is due on July 9, 2025, and the petitioners' reply is due July 13, 2025, by noon. The hearing is set for July 16, 2026, at 9:30 a.m. The parties may adjust the schedule and hearing date by stipulation.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[13] *See Suárez Soto v. Blanche*, No. 26-cv-01700-JSC, ECF No. 22 (N.D. Cal. May 22, 2026).

ORDER – No. 26-cv-06530-LB                    5

United States District Court
Northern District of California