United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

J JESUS GOMEZ ALVAREZ, et al.,

Plaintiffs,

v.

TODD W. BLANCHE, et al.,

Defendants.

Case No. 26-cv-06530-LB

**ORDER DENYING PRELIMINARY INJUNCTION**

Re: ECF No. 24

**INTRODUCTION AND STATEMENT**

The plaintiffs are a married couple (citizens of Mexico and residents here for over twenty years) and their twenty-one-year-old U.S. citizen son E-G-A, who has serious neurodevelopment and mental-health conditions.[1] The parents have been in removal proceedings since November 2018 in the San Francisco Immigration Court, where they applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) for non-permanent residents, relief that requires proof that removal would cause exceptional and extremely unusual hardship to a qualifying relative, here, their U.S.-citizen child. A child must be under twenty-one. 8 U.S.C. § 1229b(b)(1)(D). In May 2023, after a merits hearing, the immigration judge reserved the decision to grant the plaintiffs' applications pending the

[1] Compl. – ECF No. 1 at 30–31 (¶¶ 65–66). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

availability of one of 4,000 cancellation grants that Congress permits each fiscal year.[2] The son turned twenty-one on Monday, July 6, 2026, which means he no longer qualifies as a qualifying relative for his parents' applications for cancellation of removal.[3]

Until early 2025, the Executive Office for Immigration Review (EOIR) allegedly maintained an internal "expedite" policy, reserving 500 of the 4,000 annual grants for priority matters (detained cases, time-sensitive remands, and expedited requests), which allowed immigration judges to issue a final grant before a qualifying child aged out by turning twenty-one.[4] The policy was not published in the Federal Registrar, the EOIR Policy Manual, or other publicly accessible government sources but was incorporated into training materials provided to immigration judges and referred to as a policy by the Assistant Chief Immigration Judge (ACIJ) of San Francisco.[5] The plaintiffs allege that EOIR rescinded the policy in January 2025 (without public notice or reasoned explanation) by revoking operational policies "issued in secret" between February 1, 2021, and January 21, 2025.[6]

In February 2026, the immigration judge denied the plaintiffs' motion for an expedited grant, holding that he lacked jurisdiction to issue a visa.[7] The plaintiffs then sued for violations of the Administrative Procedure Act, procedural due process, and the mandamus statutes and applied for a temporary restraining order (TRO) to postpone the rescission's effective date under 5 U.S.C. § 705 for fourteen days and to allow for briefing on why a preliminary injunction should not issue.[8]

The court granted the TRO, ordered the government to show cause why a preliminary injunction should not issue, and reserved the jurisdictional questions for a decision on full

[2] *Id.* at 9 (¶ 4), 31 (¶¶ 67–69).

[3] *Id.* at 9–10 (¶ 8).

[4] *Id.* at 31–32 (¶ 70).

[5] *Id.* at 32 (¶ 71); Pls.' Exs. – ECF No. 2 at 9, 43, 50 (EOIR Training Rs.), 65 (ACIJ Email), 51–63 (Decls.).

[6] Compl. – ECF No. 1 at 10 (¶ 9); Policy Mem. – ECF No. 1-1 at 5. In February 2025, the ACIJ informed the San Francisco Immigration Judges that the expedite policy was suspended. Decls. – ECF No. 2 at 56 (¶ 16), 60 (¶ 9), 63 (¶ 10).

[7] Mot., Ex. 3 to Compl. – ECF No. 1-3; EOIR Order, Ex. 4 to Compl. – ECF No. 1-4.

[8] TRO Appl. – ECF No. 3 at 5, 25 (Request for Relief); Compl. – ECF No. 1 at 50.

United States District Court
Northern District of California

briefing.[9] On July 6, 2026, an immigration denied the plaintiffs' emergency motion for an expedited decision on their applications for cancellation of removal because "the statutory cap for visa issuance has been reached for this year" and "[t]here is currently no mechanism for the Court to issue visas out of turn."[10]

The plaintiffs seek a preliminary injunction postponing the recission of the expedite policy to ensure that the plaintiffs and other impacted parties can benefit from the policy. The parties dispute (1) whether the plaintiffs' petition is moot because the immigration judge considered their emergency application and denied it, (2) whether the court lacks jurisdiction under § 1252(b)(9), and (3) whether the plaintiffs can show a likelihood of success on their APA claims, irreparable harm, or that the balance of harms and public interest weighs in their favor.

The court dismisses the complaint for lack of jurisdiction because the plaintiffs' APA claims arise from the immigration relief they seek and are not independent.

## STATUTORY FRAMEWORK

The Attorney General may cancel removal and adjust the status of an inadmissible or deportable alien if the alien (1) has been physically present in the U.S. for a continuous period of ten years preceding the application, (2) has been a person of good moral character during this period, (3) has not been convicted of certain offenses, and (4) establishes that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative (parent, spouse, or child). 8 U.S.C. § 1229b(b)(1). A child must be unmarried and under age twenty-one to qualify. *Id.* § 1101(b)(1). There is an annual cap of 4,000 aliens per year, with limited exceptions. *Id.* § 1229b(e)(1); *Gomez v. McAleenan*, No. 19-cv-04199-JCS, 2019 WL 5722619, at *1 (N.D. Cal. Nov. 5, 2019). EOIR's Office of the Chief Immigration Judge adopted regulations implementing the cap. When the cap is reached, grants are reserved until a grant becomes available in a subsequent fiscal year. 8 C.F.R. § 1240.21(c)(1). Immigration courts and the Board of

---

[9] Order – ECF No. 16.

[10] Immigration Order, Ex. A to Friend Decl. – ECF No. 25 at 4 (citing 8 C.F.R. § 1240.21(c)).

Immigration Appeals cannot issue conditional grants. *Id.* § 1240.21(a)(2). The availability of relief is determined by the date the order granting relief becomes final. *Id.* § 1240.21(c). Thus, a queue exists for the 4,000 annual grants. *Gomez*, 2019 WL 5722619, at *2.

**ANALYSIS**

The standards for a TRO and a preliminary injunction are identical. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Movants must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent an injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The irreparable injury must be likely and immediate. *Id*. at 20–22. Alternatively, movants may show "serious questions going to the merits" and a balance of hardships that tips sharply in their favor, provided that the other elements are satisfied. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). When the government is a party, the balance of equities and public interest merge. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). A preliminary injunction preserves the status quo and parties' rights until final judgment. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). For a mandatory injunction, the movants must show that the law and facts clearly favor their position, not simply that they are likely to succeed. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

The defendants argue that the plaintiffs cannot show a likelihood of success on the merits because 8 U.S.C. § 1252 requires that they challenge issues arising from their removal proceedings (like the expedite policy) before the Ninth Circuit, meaning this court lacks jurisdiction.[11] The plaintiffs respond that the court has jurisdiction because (1) their seeking to enforce the expedite policy is collateral to removal proceedings, (2) defendants' reading of "arising from" in § 1252(b)(9) was rejected in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), and (3) denying jurisdiction would make their claim effectively unreviewable.[12]

---

[11] Opp'n – ECF No. 24 at 11–13.

[12] Reply – ECF No. 29 at 15–17.

This court lacks jurisdiction to compel postponing the recission of the expedite policy.

The plaintiffs moved the immigration court for an emergency decision on their applications for cancellation of removal, and the immigration judge denied the motion, stating that the statutory cap for visa issuance had been reached and that there was "no mechanism for the Court to issue visas out of turn."[13] When the 4,000 cap is reached, further grants are deferred until they are available in a subsequent fiscal year. 8 C.F.R. § 1240.21(c)(1); *Gomez*, 2019 WL 5722619, at *2. Previously, EOIR reserved 500 of the 4,000 annual grants for priority matters, allowing immigration judges to issue a final grant before a qualifying child aged out by turning twenty-one.[14]

Judicial review of all questions of law and fact in removal proceedings, including constitutional and statutory interpretation, is available only through a petition for judicial review of a final order in the court of appeals. 8 U.S.C. § 1252(a)(5), (b)(9); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999); *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012); *Gomez*, 2019 WL 5722619, at *3. District courts lack jurisdiction to review final removal orders; only courts of appeal have authority. 8 U.S.C. § 1252(a)(5); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016). Sections 1252(a)(5) and (b)(9) channel review of all claims "arising from" removal proceedings, including policy-and-practices challenges, through the petition-for-review process. *J.E.F.M.*, 837 F.3d at 1035; *Gomez*, 2019 WL 5722619, at *3. Claims independent of or collateral to removal proceedings may be considered by district courts. *J.E.F.M.*, 837 F.3d at 1032, 1035; *Gomez*, 2019 WL 5722619, at *4.

The distinction between claims arising from removal proceedings and independent claims turns on the relief sought. *Martinez*, 704 F.3d at 622–23 (9th Cir. 2012). In *J.E.F.M.*, the Ninth Circuit held that claims about the right to counsel in removal proceedings were subject to the petition-for-review process, not district-court review. 837 F.3d at 1029, 1035. In *Martinez*, the plaintiff's APA challenge to the Board of Immigration Appeals' denial of asylum, withholding of

[13] Immigration Order, Ex. A to Friend Decl. – ECF No. 25 at 4. The plaintiffs assert that the immigration judge's order is unclear as to whether currently there are 500 visas set aside for time-sensitive cases. Reply – ECF No. 29 at 10–11. Without jurisdiction, clarity on this point will not alter the result.

[14] Compl. – ECF No. 1 at 31–32 (¶ 70).

United States District Court
Northern District of California

removal, and relief under the Convention Against Torture was an impermissible attempt to review the removal order. 704 F.3d at 621–22. Claims "inextricably linked" to the removal order are reviewable only through a petition to the Ninth Circuit. *Id.* at 623.

The plaintiffs seek the issuance of visas based on the expedite policy. This implicates the 4,000-grant cap and "arises from" the removal proceedings. *Gomez*, 2019 WL 5722619 at *1, *3–4. In *Gomez*, the plaintiff sought cancellation of removal due to hardship to her son and was placed in the queue after the cap was reached. *Id.* at *1. Her federal lawsuit was dismissed for lack of jurisdiction, as the challenge to agency procedures was inextricably linked to the removal order. *Id.* at *1, *4 (rejecting argument that 8 U.S.C. § 1252 did not govern because a removal order had not been issued). Similarly, the plaintiffs' requested relief is inextricably linked to their removal proceedings. *Id.*; *cf. Mendez-Garcia v. Lynch*, 840 F.3d 655, 666–69 (9th Cir. 2016) (no due-process violation from routine processing delays or statutory cap when children aged out during the proceedings).

The plaintiffs cite *Cancino-Castellar v. Nielsen* as supporting the conclusion that their challenge does not arise from their removal proceedings. 338 F. Supp. 3d 1107 (S.D. Cal. 2018), *aff'd sub nom. Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3856488 (S.D. Cal. Aug. 30, 2021). But *Cancino-Castellar* is distinguishable because it involved a challenge to prolonged detention caused by delays in the prompt presentation of their claims to an immigration judge. *Id.* at 1117. Unlike issues involving detention, the relief that the plaintiffs seek here directly implicates the heart of their removal proceedings.

The plaintiffs contend that the defendants did not address their argument that *Jennings* rejected an expansive interpretation of § 1252(b)(9), citing only "*J.E.F.M.* and *Soto* for the broad reading *Jennings* forecloses."[15] But *Suarez Soto v. Blanche* did address *Jennings* and determined that *Jennings*' cautioning against an expansive interpretation of § 1252(b) is "consistent with *J.E.F.M.*'s holding that § 1252(b)(9) does not bar claims that are independent of or collateral to the removal process." No. 3:26-cv-01700-JSC, 2026 WL 1454308, at *7 (N.D. Cal. May 22, 2026).

[15] Reply – ECF No. 29 at 15.

The plaintiff asserts that the factors invoked by the court in *Soto* are not dispositive of what constitutes "arising from."[16] But the court in *Soto* reasoned that the plaintiffs' seeking a "the grant of the visa is a necessary predicate act to the grant of non-LPR cancellation of removal and not independent of or collateral to the removal process." *Id.* This is more than a regurgitation of the but-for test disapproved by *Jennings*.

The plaintiffs contend that if a district court lacks jurisdiction to hear their APA claims, the plaintiffs have no adequate forum for relief.[17] But the fact that the plaintiffs are challenging the expedite policy under the APA does not change the result. *See Soto*, 2026 WL 1454308, at *8–9.

Because the court lacks jurisdiction over this APA action, the plaintiffs cannot demonstrate a likelihood of success or a serious question as to the merits of their challenge.

## CONCLUSION

The court denies the motion for a preliminary injunction, and the TRO is vacated. Within fourteen days, the parties must file a joint statement proposing a schedule for disposition of the action or stipulating that the reasoning of this order warrants dismissing the action and entering judgment. As a calendaring device, the court sets a status conference for September 10, 2026 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: August 17, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

[16] *Id.* at 16.

[17] *Id.* at 16–17.